UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WALDEMAR NAWROCKI,

    Plaintiff,

  v.

GLACIER FISH CO., LLC and F/T NORTHERN GLACIER, ON 663457,

    Defendant.

CASE NO. C05-0246C

ORDER

    This matter comes before the Court on Plaintiff's Motion to Compel Discovery (Dkt. No. 8). The Court considered the papers submitted by the parties and determined that oral argument is not necessary. The Court hereby finds and rules as follows.

    Plaintiff suffered a serious knee injury while working aboard the F/T NORTHERN GLACIER. Plaintiff brings this motion in response to delayed, incomplete, and non-existent answers to Interrogatories 6 and 11 and to Request for Production 16. These discovery requests center primarily upon the names, addresses, and phone numbers of the crew and safety officials either working on, or with knowledge of the conditions on, the vessel. Plaintiff submitted the discovery requests on March 14, 2005, the thirty day due date passed on April 13, 2005, and Defendant responded with the names and positions but no addresses or phone numbers on May 6, 2005. On May 12, 2005, at the "Meet and

ORDER – 1

1  Confer" conference, Defendant offered to provide the addresses and phone numbers of the crew members
2  Plaintiff could identify as possessing potentially relevant information in order to protect the remaining
3  crew members' privacy and limit potential harassment.[1]  Defendant asserts that the parties reached an
4  agreement about the identification limitation, yet Plaintiff denies the existence of an agreement.  Plaintiff
5  then faxed a list of the crew members he knew by name or position and Defendant responded with
6  addresses for many, but not all, of the crew members and no phone numbers for those with addresses.
7  Plaintiff now seeks to compel the contact information for the remaining crew members, safety officials,
8  and other persons with knowledge, and the phone numbers of those previously identified.  Specifically,
9  Plaintiff requests the identities of the vessel's safety officers and officials, the identities of any person
10 containing pertinent information relevant to the case, and production of a crew member list with
11 addresses, telephones, and contact information for all those identified.

12     Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any matter, not
13 privileged, that is relevant to the claim or defense. . . Relevant information need not be admissible at the
14 trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  In
15 order to reduce the element of surprise and facilitate settlement, courts liberally construe pretrial
16 discovery.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).  The identities and contact
17 information sought in this motion appears calculated to lead to the discovery of admissible evidence about
18 the accident, accident prevention, other safety measures, and other conditions on the vessel.  Notably,
19 Defendant does not argue that the discovery requests are not relevant.  Therefore, the Court finds that the
20 information sought is relevant to Plaintiff's claim.

21     A party may avoid relevant discovery requests by objecting to the subject matter in the manner
22 prescribed by the various discovery rules.  Federal Rules of Civil Procedure 33 and 34 state that a party

---

[1] It is apparent that the parties discussed these discovery issues several times, including at the "Meet and Confer" conference, in compliance with the Federal Rule of Civil Procedure 37(a)(2) requirement that the movant attempt in good faith to solve the problem without court intervention.

ORDER – 2

must either respond to an interrogatory or request for production or object with specificity in writing within thirty days. Failure to timely object to either discovery request results in a waiver of the objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Since Defendant's identification limitation functionally amounts to an objection nearly two months after service, Defendant waived the objections.

Finally, Federal Rule of Civil Procedure 26(c) allows a party to limit the broad scope of discovery by moving for a protective order upon a showing of good cause that the party or some third party requires protection from "annoyance, embarrassment, oppression, or undue burden or expense." The burden is on the movant to show good cause by demonstrating that harm or prejudice will result from the challenged discovery. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotations omitted). Defendant says the identification limitation and failure to provide phone numbers protects the crew members' privacy and limits harassment. However, Defendant does not demonstrate that harm or prejudice will result from the disputed discovery requests. Instead, the allegations amount to the same broad allegations of harm which the Ninth Circuit says fail the Rule 26(c) test for a protective order. Regardless, Defendant did not submit a motion for a protective order. As a result, the Court finds that Defendant may not limit informally what it chose not to limit formally.

For these reasons, the Court finds Defendant's identification limitation is improper. Plaintiff's Motion to Compel Discovery is hereby GRANTED. Defendant is ORDERED to produce, within ten (10) days of the date of this order, responses to Interrogatories 6 and 11 and Request for Production 16.

SO ORDERED this   21st   day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3